The **UNITED STATES** of America to the Use of **HARDWOOD PRODUCTS CORPORATION**, Plaintiff and Use Plaintiff,

v.

**JOHN A. JOHNSON & SONS**, Incorporated, et al., Defendants.

Civ. A. No. 13434.

United States District Court
W. D. Pennsylvania.

Sept. 14, 1955.

Stonecipher & Cunningham, Pittsburgh, Pa., for plaintiff.

John M. Reed, Pittsburgh, Pa., for defendants.

SORG, District Judge.

John A. Johnson & Sons, Inc., entered into a contract with the United States of America for the construction of the Veterans Administration General Medical Hospital, in the City of Pittsburgh, Pennsylvania, and as Principal, together with the other three defendants as Sureties, executed and delivered to the United States of America their joint and several payment bond under the provisions of the Act of Congress, approved August 24, 1935, C. 642, 49 Stat. 793, 40 U.S.C.A. § 270a et seq., known as the "Miller Act."

On May 15, 1951, the defendant, John A. Johnson & Sons, Inc., entered into an agreement with Illinois Valley Manufacturing Company to furnish and deliver to the job site, "all millwork and related items as specified under Section 18, Carpentry, as required by the contract drawings and in accordance with specifications, general conditions and amendments, Addenda 1 through 11, inclusive thereto", referring to the prime contract. Among the items specifically mentioned are certain doors for which the Illinois Valley Manufacturing Company executed and delivered to the Use plaintiff its written purchase order. The Use plaintiff was to manufacture and furnish these doors in accordance with specifications contained in the agreement between the defendant, John A. Johnson & Sons, Inc., and Illinois Valley Manufacturing Company. The doors were delivered to the contractor, John A. Johnson & Sons, Inc., defendant herein, and billed to the Illinois Valley Manufacturing Company in the total amount of $63,316.77. Use plaintiff received payment in the amount of $46,652.23 and now seeks to recover, by this action, the balance of $16,664.54, on the above-mentioned payment bond.

The defendants move to dismiss the complaint on the grounds that: 1, the Use plaintiff had no contractual relations with the prime contractor, and 2, the Illinois Valley Manufacturing Company was not a subcontractor within the mean-

ing of the Miller Act, but merely a materialman.

█ If the Illinois Valley Manufacturing Company was a subcontractor, the existence or absence of contractual relations of the Use plaintiff with the prime contractor is immaterial, for under the Miller Act the supplier of materials to a subcontractor is entitled to recover on a payment bond.

In the case of Clifford F. MacEvoy Co. v. United States, for Use and Benefit of Calvin Tomkins Co., 322 U.S. 102, 64 S.Ct. 890, 894, 88 L.Ed. 1163, it is ruled that under the Miller Act there can be no recovery from the prime contractor by a materialman of a materialman because there is too remote a relationship to secure the benefits of the payment bond under the Miller Act, but that the suppliers of the material to a subcontractor are enabled to recover on the prime contractor's bond by reason of their direct contractual relationship with a subcontractor. In this case it is stated: "In a broad, generic sense a subcontractor includes anyone who has a contract to furnish labor or material to the prime contractor. * * * under the more technical meaning, as established by usage in the building trades, a subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen", and it is held that the Miller Act applies to suppliers of material to a subcontractor only when the subcontractor qualifies in the technical sense.

█ In this case the Illinois Valley Manufacturing Company, by contracting with John A. Johnson & Sons, Inc., the prime contractor, to supply specific items to be manufactured in accordance with specifications of the prime contract, and in so doing taking over a part of the prime contract itself by specific reference thereto, became a subcontractor in the technical sense.

The Motion to Dismiss is denied.