EASTERN INDUSTRIAL MARKETING INC. a Pennsylvania corporation, t/d/b/a Perma-Cote Marketing Industries, Plaintiff,

v.

DESCO ELECTRIC SUPPLY and United States Fidelity and Guaranty Company, Defendants.

Civ. A. No. 85–1165.

United States District Court, W.D. Pennsylvania.

Dec. 5, 1986.

Thomas D. MacMullan, Pittsburgh, Pa., for plaintiff.

Jack Plowman, Marshall J. Conn, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

In this diversity action plaintiff seeks payment for various goods supplied to Desco. Plaintiff sues United States Fidelity and Guaranty Company under a performance and payment bond established for the benefit of subcontractors and their suppliers. Dandrea Electric is the principal under the bond and the City of Jamestown, the obligor, for the Jamestown Wastewater Treatment Plant project. Plaintiff alleges that it contracted with Desco to supply Dandrea with various goods including conduit fittings and bare conduit to be used in the Jamestown project.

Defendants have moved for dismissal arguing that plaintiff is not entitled to sue under the bond and therefore fails to state a claim on which relief can be granted. Because we believe that plaintiff is not a claimant and may not sue under the clear wording of the bond, we will dismiss for failure to state a claim.

The bond itself clearly defines who may sue. Paragraphs (1) and (2) read as follows:

(1) A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline....

(2) The above-named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined ... may sue on this bond....

Defendant United States Fidelity and Guaranty Company has provided an affidavit in support of its motion. Affiant, Earl Gaiser, Vice President and General Manager of Dandrea Electric indicates that:

(1) Dandrea Electric is the electrical contractor for the project owned by the City of Jamestown, New York.

(2) The specifications for the project require Dandrea to submit to the owner, for approval, the name of any supplier or subcontractor to be used by Dandrea before such supplier or subcontractor begins work on the project.

(3) The submitted lists (Exhibit No. A to Gaiser affidavit) designate Desco as a supplier and not as a subcontractor.

(4) Desco has only supplied material to Dandrea and has never performed any work, labor or services for Dandrea at the Jamestown project.

In opposition to the motion, plaintiff has supplied the affidavit of Robert Pagano, Controller of Eastern, indicating that plaintiff supplied materials to partly fulfill Desco's supply obligations to Dandrea. There is no evidentiary material which directly establishes that Desco is a subcon-

tractor of Dandrea as alleged in Paragraph 8 of plaintiff's Amended Complaint and Paragraph 2 of plaintiff's Response to the Motion to Dismiss. Plaintiff is seeking $33,675.97. Whether or not Desco is a subcontractor under the circumstances alleged here is an issue of law for the court to decide from the facts submitted.

Both parties cite case law to argue that Desco either is or is not a subcontractor to Dandrea. Plaintiff points out that the term "sub-contractor" is not defined by the bond and therefore common law must be utilized. Plaintiff argues that the court should examine whether "... an item is to be custom manufactured by the purported subcontractor according to specifications found in the prime contract and the purported subcontractor bears a portion of responsibility for the design and fabrication of goods ..." (plaintiff's brief, p. 6). If these factors are present, it is likely that a court would find the relationship between the prime contractor and the purported subcontractor sufficient to establish that the party assuming such responsibility was in fact, if not in name, a subcontractor within the meaning of the bond. *See United States, etc. v. Lane Construction Corp.*, 477 F.Supp. 400 (D.C.Pa.1979); *United States, etc. v. Morrison-Knudsen Co., Inc.*, 687 F.2d 129 (6th Cir.1982). Plaintiff argues that since it was responsible to plastic-coat, cut, and thread pipe which could not be purchased ready made, Desco should be held to be a subcontractor to Dandrea, and plaintiff should be considered a claimant under the bond. Plaintiff is silent on the issue of its design responsibility.

■ Defendant relies on these same cases to argue that plaintiff's role is that of supplier to a materialman, and neither Desco nor plaintiff rise to the level of a subcontractor. Defendant argues that the gravamen of the case holdings is that the *combination* of design responsibility, preparation of shop drawings, custom manufacturing of material and the sheer massiveness of the responsibilities undertaken in assuming an identifiable portion of the prime contract are required to establish that the party responsible for this combination of activities was a subcontractor and could sue under the bond. Defendant argues further that the coating, cutting and threading operations performed by plaintiff do not constitute custom manufacturing. To a certain extent every material supplier must provide materials in accordance with contract specifications but this does not change all materialmen into subcontractors or destroy the distinction between the two. *See Aetna Casualty & Surety Co. v. United States ex rel. Gibson Steel Co.*, 382 F.2d 615 (5th Cir.1967). Even if there was custom-manufacturing by plaintiff in this action, this does not, of itself, render either plaintiff or Desco a subcontractor. *See Lane Construction, supra,* 477 F.Supp. at 411; *Clifford F. MacEvoy Co. v. United States*, 322 U.S. 102, 108–110, 64 S.Ct. 890, 894–895, 88 L.Ed. 1163 (1944). Under the law of the State of New York, which governs the provisions of the bond involved herein, as well as the above cited cases, the more technical meaning of subcontractor, as established by usage in the building trades, would be applied to exclude from that category an entity who merely supplies materials to a main contractor without assuming any further responsibilities. *A & J Buyers v. Johnson, Drake & Piper, Inc.*, 25 N.Y.2d 265, 303 N.Y.S.2d 841, 250 N.E.2d 845 (1969); *Dorn v. Arthur A. Johnson Corp.*, 16 A.D.2d 1009, 229 N.Y. S.2d 266 (1962).

■ We believe defendant's position is persuasive. Plaintiff specially prepared certain materials according to contract specification. For these supplies, plaintiff seeks $33,675.97 on a bond worth $2,086,-000.00 which plaintiff represents as being the value of all material and labor utilized on the project. The amount sought does not establish by its proportion in relation to the value of the project, a major undertaking of a substantial or identifiable portion of the contract. Nor does plaintiff establish or allege that it undertook any responsibilities in addition to supplying the specially prepared materials. We therefore

find that plaintiff has not established that Desco was a subcontractor. Neither do we find facts to support plaintiff's bare argument that it had a direct contract with Dandrea merely because plaintiff delivered the materials to Dandrea at Desco's request. Also, despite plaintiff's status as third party beneficiary under the bond, plaintiff has not established that it has a right to sue under the bond. Third party beneficiaries are not claimants and may not sue under this bond, according to the plain meaning of its terms which we may not disregard.

For the above reasons, we will grant defendant's motion for dismissal. Having come to this conclusion, we find it unnecessary to determine the venue questions raised by defendant.