SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff–Appellant,

v.

W.B. BROWNING CONSTRUCTION CO., INC., et al., Defendants,

JPB Enterprises, Inc., d/b/a Courion Industries, Defendant–Appellee.

No. 88–6364.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 15, 1989.

Decided Sept. 29, 1989.

Charles F. Wilson, Jr., Pikeville, Ky., McNeill Stokes (argued), Atlanta, Ga., for plaintiff-appellant.

Danny C. Reeves, Holland N. McTyeire, Greenebaum, Doll & McDonald, Lexington, Ky., Stephen M. Cockriel (argued), Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., for defendants and defendant-appellee.

Before WELLFORD, GUY and BOGGS, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Safeco Insurance Company of America (Safeco) appeals the grant of summary judgment in favor of defendant JPB Enterprises, Inc., d/b/a Courion Industries (Courion). The district court, in granting summary judgment, awarded Courion $14,920 on its counterclaim for the balance due under a construction contract. For the following reasons, we hold that the district court erred in granting summary judgment for Courion, and that summary judgment should have been entered in Safeco's favor.

I.

This diversity case arises out of the construction of the Bell County Forestry Camp in Pineville, Kentucky, a facility owned and managed by the Kentucky Department of Corrections. Defendant W.B. Browning Construction Co., Inc. (Browning), was the general contractor for the project. The total contract price for the project was $2,687,000. Plaintiff Safeco issued a payment and performance bond on the project in favor of the Commonwealth of Kentucky, with Browning as principal. The bond amount was equal to the total price of the contract, as required by Kentucky statutory law. Ky.Rev.Stat.Ann. § 45A.190 (Baldwin 1988).

Pursuant to its contract, specifically specification section 08510, Browning was required to supply and install steel security windows manufactured by Courion or equivalent windows. On or about September 22, 1986, Browning entered into a contract with Detention Systems and Sales, Inc. (Detention Systems), for the purchase of the Courion steel security windows, at a price of $30,050. Detention Systems is Courion's distributor. Then, on about Oc-tober 15, 1986, Courion entered into a contract with Detention Systems in which Courion agreed to supply the windows to Detention Systems at a price of $19,670. Courion manufactured and delivered the windows to the project, and the windows were installed by Browning.

Although Browning paid Detention Systems for delivery of the windows, Detention Systems in turn only paid Courion $4,750. This left a balance due to Courion of $14,920. Courion subsequently made written demand against the payment bond issued by Safeco to Browning.

On December 29, 1987, Safeco instituted this action in district court, requesting a declaratory judgment as to its rights and liabilities under the bond. Courion filed a counterclaim to recover against the payment bond the $14,920 outstanding. The district court granted Courion's motion for summary judgment on the counterclaim and denied cross-motions for summary judgment filed by Safeco and Browning. The district court subsequently denied Safeco's motion for reconsideration, and Safeco now appeals to this court.

II.

Safeco asserts on appeal that the district court erred in granting summary judgment for Courion, and thereby denying Safeco's motion for summary judgment. Specifically, Safeco alleges that Courion is not within the class of persons protected by the payment bond or by the relevant Kentucky statute.

The payment and performance bond, executed by Browning, Safeco, and Kentucky, states in pertinent part:

[T]hat the Principal shall pay all lawful claims of all persons, firms, partnerships, or corporations for labor performed and for the payment of all unemployment contributions which become due and payable under the Unemployment Insurance Law, and material furnished in connection with the performance of the contract, and for insurance provided by the contractor under the contract, and that the failure to do so with such persons, firms, partnerships, or corporations shall

give them direct right of action against the Principal and Surety under the obligation....

The district court found that the language of the bond obligated Browning, as principal, to pay for all materials and, therefore, suppliers like Courion could maintain an action directly against Safeco, the surety. Safeco argues, however, that an opposite result is directed by the Kentucky statute which mandated the bond. This statute states in part:

**Performance bond and payment bond**

(1) When a construction contract is awarded in an amount in excess of twenty-five thousand dollars ($25,000), the following bonds shall be furnished to the Commonwealth, and shall be binding on the parties upon the award of the contract:

(a) A performance bond satisfactory to the Commonwealth executed by a surety company authorized to do business in this Commonwealth, or otherwise supplied, satisfactory to the Commonwealth, in an amount equal to one hundred percent (100%) of the contract price as it may be increased; and

(b) A payment bond satisfactory to the Commonwealth executed by a surety company authorized to do business in the Commonwealth, or otherwise supplied, satisfactory to the Commonwealth, *for the protection of all persons supplying labor and material to the contractor or his subcontractors,* for the performance of the work provided for in the contract. The bond shall be in an amount equal to one hundred percent (100%) of the original contract price.

Ky.Rev.Stat.Ann. § 45A.190(1) (Baldwin 1988) (emphasis added). Specifically, Safeco asserts that Courion is not within the class of persons protected by this statute because Courion only supplied materials and no labor, and because Detention Systems was not a subcontractor.

Initially we note that the language of the bond is not determinative of whether Courion has a cause of action against Safeco. The clause in the bond that Courion refers us to is "the Principal shall pay all lawful claims ... for ... material furnished in connection with the performance of the contract...." Browning, the principal, had contracted with Detention Systems for the steel windows, and there is no dispute that Browning paid Detention Systems in full for those windows.

Since the language of the bond does not answer the question before us, we need to explore section 45A.190, the Kentucky statute which sets forth some guidance for bonds between the state and general contractors. According to this section, Courion would only be able to seek reimbursement from Safeco if Courion supplied "labor and material to the contractor or his subcontractors." Ky.Rev.Stat.Ann. § 45A.190(1)(b). The district court found that although Courion supplied the material but no labor, the statute was not meant to be construed so strictly as to preclude Courion's claim on the basis that Courion provided no labor. The district court reasoned that the rationale supporting an argument that both labor and materials are required is that the general contractor should be protected from hidden claims. In this case, the district court determined Browning knew about Courion's potential claim since the contract between the state and Courion specified that Courion windows would be installed. Therefore, the rationale was not held applicable in this case.

The district court then proceeded to analyze whether Courion could be said to have supplied materials to the contractor or a subcontractor. There was no contractual relationship between Browning and Courion. Therefore, the dispositive question is whether Detention Systems is a subcontractor or a materialman. The district court found that Detention Systems was a subcontractor and, hence, Courion could recover under the bond.

Unfortunately, there are no cases which have defined the term "subcontractor" under section 45A.190. There is more guidance, however, as to how Kentucky courts would define "subcontractor" and "materialman" under Kentucky's mechanics' and materialmen's lien statute. Ky.Rev.Stat.

Ann. § 376.010 (Baldwin 1988). Since the bond statute appears to do for those dealing with public entities what the mechanics' and materialmen's statute does for those dealing with private entities, the terms "subcontractor" and "materialman" should be decided uniformly under both statutes. *See United States Fidelity & Guaranty Co. v. Miller*, 549 S.W.2d 316, 319 (Ky.Ct. App.1977) ("the presence or absence of a right to assert a mechanic's lien can be a guide to the interpretation of a payment bond.") (citations omitted); *see also Inryco, Inc. v. Eatherly Constr. Co.*, 793 F.2d 767, 770 (6th Cir.1986) (applying Tennessee law, this court looked to the mechanics' lien statute to determine whether a materials supplier to a materialman was within coverage of a public works payment bond).

Although the terms are not defined within the statute, case law interpreting section 376.010 has described the terms as follows:

One who is merely obligated to furnish materials to an owner or contractor is a materialman. One who not only is obligated to furnish materials but also to perform on-site work with respect to them is a contractor within the meaning of the mechanic's lien statute.

*Woodson Bend, Inc. v. Masters' Supply, Inc.*, 571 S.W.2d 95, 100 (Ky.Ct.App.1978). In the case before us, it is undisputed that Detention Systems was obligated only to supply the Courion windows, and that Browning would do all on-site work related to the windows. There is also no contention that Courion could be a subcontractor. Therefore, applying these terms as defined by Kentucky law, the relationship that we have before us is that Courion, a materialman, supplied the windows to Detention Systems, another materialman. Under Kentucky law, a materialman who supplies goods to another materialman, who in turn passes them along to the general contractor, is not entitled to claim a lien against the property to which those materials were delivered. *Hightower v. Bailey*, 108 Ky. 198, 208, 56 S.W. 147, 149 (1900). In conclusion, we find that since under Kentucky's mechanics' lien statute Detention Systems would be defined as a materialman, Detention Systems would also be a "materialman" under the payment and performance bond statute at issue and, therefore, Courion is precluded from seeking reimbursement from Safeco.[1]

The district court did not discuss Kentucky's mechanics' lien statute, but instead looked to the Miller Act, 40 U.S.C. §§ 270a–270d, in deciding whether Detention Systems was a materialman or subcontractor. The Miller Act is analogous to Kentucky's bond statute and applies to those whose labor and materials go into federal projects. An informative case on the issue of whether a party is a "subcontractor" or a "materialman," the latter of which is not entitled to protection under Miller Act payment bonds, is *Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.*, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163 (1944). In *MacEvoy*, the general contractor purchased specified materials from a middleman who in turn purchased those same materials from the plaintiff. The middleman failed to pay the plaintiff for the materials, and the plaintiff brought suit under the Miller Act against the general contractor's bond. The Court explained that plaintiff could recover under the Miller Act against the payment bond if the middleman was a "subcontractor," but not if the middleman was a "materialman." The Court determined that a subcontractor, based on the custom of the construction industry, was "one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen." *MacEvoy*, 322 U.S. at 109, 64 S.Ct. at 894.

In the case before us, the district court acknowledged that Detention Systems per-

---

**1.** We note that Kentucky has provided some protection to materialmen, such as Courion, on public projects. Ky.Rev.Stat.Ann. § 376.210 (Baldwin 1988). This section enables a materialman to obtain a lien on the funds due the contractor from the state. This lien must be filed with the county clerk within thirty days after the last day of the month within which materials were furnished. Ky.Rev.Stat.Ann. § 376.230 (Baldwin 1988). Apparently Courion did not avail itself of this statutory lien.

formed no labor, but nevertheless held that Detention Systems would be defined under the Miller Act as a "subcontractor." The district court found it determinative that Detention Systems undertook to supply items manufactured in accordance with specifications in the prime contract and thereby took over a part of that contract, citing *United States ex rel. Consolidated Pipe & Supply Co. v. Morrison–Knudsen Co.*, 687 F.2d 129 (6th Cir.1982); *United States ex rel. Wellman Engineering Co. v. MSI Corp.*, 350 F.2d 285 (2d Cir.1965); *United States ex rel. Harwood Products Corp. v. John A. Johnson & Sons, Inc.*, 137 F.Supp. 562 (W.D.Pa.1955). In each of these cases, the deciding court found that the supplier/middleman was a subcontractor because it undertook to supply items which were manufactured in accordance with the prime contract and not generally available on the open market. The respective courts therefore held that the "subcontractors" had taken over an identifiable part of the prime contract.

Upon our review, we hold that the district court erred in finding that Detention Systems would be a "subcontractor" as defined under the Miller Act. From the exhibits presented for summary judgment, it appears that Browning purchased standard Courion windows, and not windows which were specifically manufactured for the construction project. The order form lists a "series" number for the type of window ordered, and then lists all the "standard" features ordered. Furthermore, the area marked "special conditions" has been left blank. In addition, Detention Systems' contract with Browning totalled only $30,050 out of a total general contract of $2,687,000, or slightly more than one percent. These factors tend away from a conclusion that Detention Systems took over a significant, identifiable part of the prime contract. *See Aetna Casualty & Surety Co. v. United States ex rel. Gibson Steel Co.*, 382 F.2d 615 (5th Cir.1967) (court held middleman was materialman rather than a subcontractor because middleman performed no on-site duties, materials supplied were not integrated or complex, and

contract with middleman amounted to only two percent of total construction cost).

We conclude, contrary to the district court, that Detention Systems would be defined as a "materialman" under the Miller Act. Our conclusion is consistent with the line of cases which has defined a middleman as a materialman because he only supplied materials and did no on-site work, and because the supply contract represented only a very small percentage of the total contract. *See Gibson Steel*, 382 F.2d 615; *United States ex rel. Bryant v. Lembke Constr. Co.*, 370 F.2d 293 (10th Cir.1966); *United States ex rel. Clark v. Lloyd T. Moon, Inc.*, 698 F.Supp. 665 (S.D.Miss. 1988); *see also Eastern Industrial Marketing, Inc. v. Desco Electric Supply*, 651 F.Supp. 140, 141–43 (W.D.Pa.1986) (same result under New York payment bond statute); *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wash.App. 719, 741 P.2d 58 (1987) (court used Miller Act cases to reach same result under Washington law).

Since Detention Systems would be defined as a "materialman" under both the analogous Miller Act and the Kentucky mechanics' lien statute, we find that Kentucky courts would also define Detention Systems as a materialman, and thus excluded from coverage under the payment bond statute, section 45A.190. The district court therefore erred in granting summary judgment for Courion. Since Courion is afforded no protection under the bond or the statute, there remains no genuine issue as to any material fact, and Safeco is entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The summary judgment in favor of Courion is REVERSED and the case is REMANDED for entry of summary judgment in favor of Safeco.